UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS P. DYE,<br><br>　　　　Petitioner,<br>v.<br><br>KEN CLARK, Warden,<br><br>　　　　Respondent. | Case No. 09cv2483-BLM<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR CERTIFICATE OF APPEALABILITY [ECF No. 19]; AND**<br><br>**(2) GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [ECF No. 20]** |

On June 29, 2010, this Court issued an Order[1] Denying Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and Motion for an Evidentiary Hearing. ECF No. 15. The Court entered judgment to that effect on June 30, 2010. ECF No. 16. On September 7, 2010, Petitioner filed a Notice of Appeal and a Declaration in Support of his Notice of Appeal (ECF No. 18), which the Court construed as a Motion/Request for a Certificate of Appealability (ECF No. 19) and a Motion/Request for an Extension of Time to File a Notice of Appeal (ECF No. 20). For the reasons set forth below, the Court **GRANTS** Petitioner's Motion to File a Notice of Appeal and **DENIES** Petitioner's Motion for Certificate of Appealability.

**A.　Notice of Appeal**

An appeal from the denial of a habeas petition is considered a "civil" matter and thus

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and FRCP 73, the parties in this case voluntarily consented to have United States Magistrate Judge Barbara L. Major adjudicate the entire case and order the entry of a final judgment. See ECF Nos. 5 & 8.

subject to the time limitations set forth in Rule 4 of the Federal Rules of Appellate Procedure and a timely notice of appeal is mandatory and jurisdictional. Browder v. Dir. Dep't of Corr., 434 U.S. 257, 264 (1978); Malone v. Aventi, 850 F.2d 569, 571 (9th Cir. 1988). Rule 4(a)(1)(A) requires that a notice of appeal be filed within 30 days after the district court enters judgment where, as here, the United States is not a party. Fed. R. App. P. 4(a)(1)(A). The district court may extend the period of time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by [] Rule 4(a) expires" and "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i)-(ii). However, the district court also may "reopen the time to file an appeal" if: (1) the moving party did not receive notice of the entry of the judgment within 21 days after entry; (2) the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party receives notice of the entry, whichever is earlier; and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Here, Petitioner did not file his declaration and Notice of Appeal until September 7, 2010. ECF No. 18-1 at 2; Fed. R. App. P. 4(c)(1) (timeliness of notice determined by date inmate deposits it in institution's internal mail system). Petitioner's motion exceeds the time limits imposed by Rule 4(a)(1) and Rule 4(a)(5), so the Court must evaluate it utilizing the requirements set forth in Rule 4(a)(6). In his declaration, Petitioner avers that he did not receive a copy of the decision or judgment issued by this Court and explains that he was moved from one prison to another in July 2010. ECF No. 18-1. Based upon this declaration, the Court finds that Petitioner did not receive notice of the entry of judgment within 21 days after entry. Petitioner filed his motion on September 7, 2010, which is within 180 days after the entry of judgment on June 30, 2010. ECF No. 16. His declaration also establishes that he filed the motion within 14 days after receiving notice of the judgment. ECF No. 18-1 (received letter from court containing docket entries on September 2, 2010 and filed motion on September 7, 2010). Finally, the Court finds that neither party will be prejudiced by reopening the time to file a notice of appeal. Accordingly, the Court grants Petitioner's request to reopen the time to file a notice of appeal pursuant to Rule 4(a)(6) and accepts the filed Notice of Appeal as timely.

///

**B.     Certificate of Appealability**

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a habeas petition unless he obtains a certificate of appealability (COA) from a circuit justice or judge.[2] See 28 U.S.C. § 2253(c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue a COA under the AEDPA and stating that "[i]f no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate."). In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state the reasons why a certificate is not warranted. See 28 U.S.C. § 2253(c)(3); Asrar, 116 F.3d at 1270.

A court may issue a COA only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a habeas petition has been denied on the merits, the Supreme Court has stated that "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court denied each of Petitioner's constitutional claims on the merits. See ECF No. 15. Yet, in his Motion for a Certificate of Appealability, Petitioner simply requests that his "notice of appeal be honored, and that a certificate of appealability be granted as to each of the three issues raised in [his] habeas petition." ECF No. 18 at 1. As such, Petitioner has not made a "substantial showing of the denial of a constitutional right" (28 U.S.C. § 2253(c)(2)), nor has he demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (Slack, 529 U.S. at 484). Moreover, the Court has independently reviewed its order and finds that reasonable jurists would not find the

---

[2] Although the phrase "circuit justice or judge" is ambiguous, it is well settled that the phrase includes district judges as well as circuit judges. See, e.g., Hanson v. Mahoney, 433 F.3d 1107, 1111 (9th Cir. 2006); United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997). Similarly, "nothing in the phrase ['circuit justice or judge'] suggests that Congress intended the words 'circuit justice or judge' to exclude magistrate judges when they act in a capacity otherwise authorized by the Magistrates Act," and "[i]ssuing a COA is within the scope of the authority granted to magistrate judges under the Federal Magistrates Act." Hanson, 433 F.3d at 1111, 1112 ("Accordingly we hold that magistrate judges may issue COAs if they have been authorized by consent of the parties to adjudicate the entire case pursuant to 28 U.S.C. § 636(c)(1).").

constitutional determinations to be debatable or wrong. Rule 11(a), 28 U.S.C. foll. § 2254. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Petitioner did not file a timely notice of appeal. However, Petitioner satisfied the elements of Rule 4(a)(6) of the Federal Rules of Appellate Procedure, and the Court therefore **GRANTS** his motion for an extension of time to file his notice of appeal and orders that the notice be filed and accepted as timely. However, Petitioner has not made a substantial showing of a constitutional violation, nor has he demonstrated that this Court's constitutional determinations were debatable or wrong. And, this Court's independent review of its constitutional determinations confirms that reasonable jurists would not find them debatable. Accordingly, the Court declines to issue a certificate of appealability and **DENIES** Petitioner's Motion for Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: September 28, 2010

BARBARA L. MAJOR
United States Magistrate Judge